DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| SHANILEEN NIEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| RUBEN RIVERA, CARL SIMON, | )   Civil Action No. 2014-0029 |
| ST. CLEAR PHILLIPS and GEORGE SMITH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Attorneys:**
**Shanileen Nieves,** *pro se*
St. Croix, U.S.V.I.
    *For the Plaintiff*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion to Reopen Case" filed on April 13, 2016. (Dkt. No. 17). By her Motion, Plaintiff seeks to reopen this case which was initially filed on June 24, 2014 (Dkt. No. 1), and dismissed on July 6, 2015 for failure to prosecute. (Dkt. No. 13). Plaintiff's only prior substantive filings in this case were a complaint (Dkt. No. 1) and an amended complaint (Dkt. No. 6). She offers no reasons, circumstances, or factors on which to support her motion. (Dkt. No. 17).

Motions to reopen are governed by Federal Rule of Civil Procedure 60(b). *DeMatthews v. The Hartford Ins. Co.*, 402 F. App'x 686, 688 (3d Cir. 2010). Rule 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

>**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>**(4)** the judgment is void;
>**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>**(6)** any other reason that justifies relief.

A motion not based on the reasons listed in 60(b)(1) through (5) falls within the "catch-all" provision of Rule 60(b)(6). "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Pabon v. Lemaster*, 408 F. App'x 508, 509 (3d Cir. 2010) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)) (alteration in original).

A 60(b) motion will not be granted unless the movant makes "a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir.2008) (citation and internal quotations omitted). Courts have found "extraordinary circumstances" to include "an adversary's failure to comply with a settlement agreement incorporated into a court's order; fraud by the party's own counsel, codefendant, or third-party witness; or the losing party's failure to receive notice of entry of judgment." *Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 104 (D.D.C. 2015) (quoting *More v. Lew*, 34 F.Supp.3d 23, 28 (D.D.C. 2014)) (internal quotations and alterations omitted).

Here, Plaintiff has failed to allege any circumstances, much less extraordinary ones, which would justify reopening the case under the Rule 60(b) standard. In the absence of any legitimate grounds upon which the case should be reopened, Plaintiff's Motion will be denied.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Motion to Reopen Case is **DENIED**.

**SO ORDERED.**

Date: February 28, 2017

_____/s/_____
WILMA A. LEWIS
Chief Judge